IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| THOMAS PETTERS, an individual | ) | '07 FEB -8 A9:15 |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| PACIFIC INDEMNITY COMPANY, a Wisconsin corporation | ) | 07-C-0129 |
| Defendant. | ) | Jury demanded |

## COMPLAINT

Plaintiff, Thomas Petters, an individual ("Plaintiff"), by and through his attorney, Michael Childress, of Childress Duffy Goldblatt, Ltd., for his Complaint against Defendant, Pacific Indemnity Company, a Wisconsin corporation ("Defendant"), states as follows:

### Nature of the Action

1. Plaintiff bring this action for beach of contract and to redress wrongs committed by Defendant through a series of events commencing with improper claims adjusting and failure to pay insurance benefits for damages to his real property.

### Parties

2. Plaintiff is an individual domiciled in and a citizen of the State of Minnesota.

3. Defendant is a Wisconsin corporation. Defendant maintains an office in

Milwaukee, Wisconsin. Defendant's principal office is located in Warren, New Jersey.

## Jurisdiction & Venue

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 in that there is complete diversity of citizenship between the Plaintiff and all Defendants, and the amount in controversy, exclusive of interest and attorneys fees, is greater than seventy five thousand dollars ($75,000).

5. Venue is proper in this judicial district in accordance with 28 U.S.C. 1391(c) in that this is a judicial district where Defendant, a Wisconsin corporation, is subject to personal jurisdiction.

## Pacific Indemnity Company's Breach of Contract

6. At all relevant times, Plaintiff was the owner of real property commonly known as 1840 South Ocean Boulevard, Manalapan, Palm Beach County, Florida (the "Residence").

7. On or about December 30, 2004, Defendant issued a policy of insurance, Policy Number 12846395-01 (the "Policy"), to Plaintiff for insurance coverage of the Residence. A true and correct copy of the Policy is attached as **Exhibit A**. The Policy is an "all-risk" policy of insurance that provides coverage against all risk of physical loss to the Residence unless otherwise specifically excluded.

8. The Policy was in effect from December 30, 2004 to December 30, 2005.

9. Plaintiff paid all premiums due on the Policy in a timely manner.

10. Plaintiff performed all of the duties and responsibilities required of him under the Policy.

11. Under the terms of the Policy, Defendant agreed to pay for direct physical loss and damage as a result of water damage to the Residence.

12. On or about August 25, 2005, while the coverage of the Policy was in full force and effect, the Residence was directly physically damaged due to water.

13. Upon noticing of the water damage, Plaintiff promptly and properly made a claim for benefits under the Policy, namely the cost to repair and restore or replace the Residence. Defendant assigned claim number 047505054884 to the Plaintiff's August 25, 2005 insurance claim (the "Claim").

14. Following the Claim Plaintiff fulfilled all duties required of him under the Policy.

15. Defendant has a contractual obligation pursuant to the Policy to pay the full amount of the Plaintiff damages, including the costs to repair and restore or replace the portion of the Residence damaged by water.

16. On September 7, 2006, in breach of its contractual obligation under the Policy, Defendant advised Plaintiff that it was refusing all coverage for the Claim.

17. Defendant has failed and refused to pay Plaintiff the benefits he is entitled to receive under the Policy, including the costs to repair and restore or replace the portion of the Residence damaged by water.

18. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has:

    a. Suffered and will continue to suffer property damage to the Residence;

    b. Incurred and will incur in the future costs to repair and restore or replace Residence's property damage; and

    c. Suffered and will continue to suffer permanent loss to the value of the Residence; and

    d. Suffered and will continue to suffer attorney's fees, investigatory fees, and all other pecuniary losses.

19. In addition, Plaintiff seeks an award of reasonable attorney's fees pursuant to Florida Statutes Annotated §627.428(1) & (3), which provide:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
>
> (2) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiff, Thomas Petters, an individual, requests judgment in his favor and against Defendant, Pacific Indemnity Company, a Wisconsin corporation, for monetary damages in a sum in excess of $75,000.00, exclusive of interest and costs, including but not limited to the cost to repair and restore or replace the portion of the Residence damaged by water, permanent loss to the value of the Residence, and costs for loss of use of the residence; Plaintiff's reasonable attorneys' fees pursuant to Florida Statutes Annotated §627.428; plus court costs.

## DEMAND FOR A JURY TRIAL

Plaintiff demand trial by jury of all issues so triable.

Respectfully Submitted,

THOMAS PETTERS

By: *[signature]*
Michael Childress, one of his attorneys
CHILDRESS DUFFY GOLDBLATT, LTD.
515 N. State Street, Suite 2200
Chicago, Illinois 60610
312.494.0200
mchildress@childresslawyers.com